UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

: 
AMY FYFFE, :
: Case No. 1:17-cv-2660
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 17]
COMMISSIONER OF THE SOCIAL :
SECURITY ADMINISTRATION, :
:
    Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Amy Fyffe asks the Court to reverse the Social Security Administration's (the "SSA's") denial of her application for disability insurance benefits.[1] Magistrate Judge Limbert issued a report and recommendation ("R&R") recommending that the Court do just that.[2]

For the following reasons, the Court **ADOPTS** Judge Limbert's R&R, **REVERSES** the administrative law judge's ("ALJ") denial of Fyffe's disability application, and **REMANDS** the case back to the ALJ for a decision consistent with this opinion.

## I.     Background

In October 2014, Plaintiff Fyffe applied for disability insurance benefits with the SSA claiming she suffered from, *inter alia*, fibromyalgia.[3] The SSA denied Fyffe's application initially, and upon reconsideration.[4] At Fyffe's request, an ALJ held a hearing on her

---

[1] Doc. 1.
[2] Doc. 17.
[3] Doc. 12 at 364.
[4] *Id.* at 303–17.

claim.[5]

At that hearing, the ALJ considered a letter from Fyffe's treating physician, Dr. Kermit Fox.[6] In that letter, Dr. Fox indicated that he had been treating Plaintiff for four years and had diagnosed her with fibromyalgia.[7] He opined that her "chronic pain and fatigue can be debilitating at times."[8] He further stated that he found her "complaints of pain and fatigue credible and consistent with her underlying condition without exaggeration."[9]

Regarding employment, Dr. Fox believed it would be difficult for Plaintiff to maintain full employment. He "suspect[ed] she would miss at least 3–4 days per month due to her chronic pain. She would be unable to tell her employer in advance which days she would miss due to the unpredictable nature of her medical condition."[10] Even if Plaintiff went to work, Dr. Fox believed that the pain would "affect her ability to concentrate on her job duties."[11]

In October 2016, the ALJ determined that Fyffe was not disabled.[12] He indicated that he had considered Dr. Fox's opinions but gave them only "limited weight" because they were "generally inconsistent with the mild to moderate findings from clinical examinations and diagnostic imaging."[13] The Social Security Appeals Council declined to review the ALJ's decision.[14]

---

[5] *Id.* at 12–27.
[6] *Id.* at 24.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 12–27.
[13] *Id.* at 24.
[14] *Id.* at 4–9.

In December 2017, Fyffe brought this suit, asking the Court to reverse the ALJ's decision.[15] Magistrate Judge Limbert issued an R&R finding that the ALJ failed to properly consider Dr. Fox's opinion.[16] Accordingly, he recommends that the Court reverse the ALJ's decision and remand for further proceedings.[17] Neither party objects.[18]

## II. Discussion

Because neither party objected to Judge Limbert's R&R, the Court may adopt it without review.[19] Moreover, the Court agrees with Judge Limbert's findings.

Federal regulations require ALJs to give treating physicians' opinions controlling weight unless they are either not well-supported by medically acceptable clinical and laboratory diagnostic techniques, or inconsistent with the substantial evidence in the case record.[20]

If the ALJ gives the opinion less than controlling weight, he must provide "good reasons" for doing so.[21] Importantly, in determining what weight to give the physician's opinion, he must consider: (i) the length of the treatment relationship and frequency of examination, (ii) the nature and the extent of the treatment relationship, (iii) supportability of the opinion, (iv) consistency of the opinion with the whole record, and (v) specialization of the treating source.[22]

Here, the ALJ gave Dr. Fox's opinion "limited weight" solely because it was inconsistent with certain diagnostic record evidence. This explanation falls short for the

---

[15] Doc. 1.
[16] Doc. 17.
[17] *Id.*
[18] Doc. 18 (Defendant indicating she would not object to the R&R).
[19] *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (holding that Congress did not intend to "require district court review of a magistrate judge's factual or legal conclusions . . . when neither party objects to those findings").
[20] *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).
[21] *Id.* at 544.
[22] *Id.*

Case No. 1:17-cv-2660
Gwin, J.

reasons Judge Limbert identified in his R&R. Moreover, it seems the ALJ considered almost none of the above factors.[23] The sparsity of the ALJ's reasoning likely left Fyffe understandably "bewildered" as to why the administrative bureaucracy gave her doctor of four years only limited weight.[24]

### III. Conclusions

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Limbert's R&R, **REVERSES** the ALJ's decision, and **REMANDS** to the ALJ for further proceedings consistent with this opinion.

IT IS SO ORDERED.


Dated: March 8, 2019                 *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[23] *Shields v. Comm'r of Social Sec.*, 732 F. App'x 430, 438 (6th Cir. 2018) (holding that the treating physician's opinion was "still entitled to deference and ought to have been weighed using *all* of the [*Wilson*] factors.").

[24] *See Wilson*, 378 F.3d at 544.

-4-